■ LISA SICURELLI, Respondent, v ROBERT SICURELLI, JR., Appellant. [901 NYS2d 305]—In a matrimonial action in which the parties were divorced by judgment entered November 10, 2005, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated June 26, 2009, as denied those branches of his motion which were, in effect, pursuant to CPLR 5015 (a) (2) and (3) to vacate an amended order of the same court entered September 15, 2008, which, in effect, granted those branches of the plaintiff's motion which were for maintenance arrears pursuant to the judgment of divorce and the parties' stipulation of settlement dated March 11, 2005, which was incorporated but not merged into the judgment of divorce, and, in effect, pursuant to Domestic Relations Law § 237 for an award of a postjudgment attorney's fee, a money judgment of the same court dated September 16, 2008, which, upon the amended order, is in favor of the plaintiff and against him in the principal sum of $27,000, representing an award of maintenance arrears, and a money judgment of the same court also dated September 16, 2008, which, upon the amended order, is in favor of the plaintiff and against him in the principal sum of $14,806.65, representing an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (2) to vacate the amended order and the money judgments entered thereon. The defendant failed to establish that the allegedly newly-discovered evidence he submitted in support of his motion could not have been discovered earlier through the exercise of due diligence (see Sieger v Sieger, 51 AD3d 1004, 1005 [2008]), or that the evidence would probably have produced a different result regarding his maintenance obligation (see Jonas v Jonas, 4 AD3d 336 [2004]). Furthermore, because the defendant failed to meet his burden of establishing the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff sufficient to entitle him to vacatur of the amended order and the money judgments, the court properly denied that branch of his motion which sought vacatur pursuant to CPLR 5015 (a) (3) (see Badgett v Badgett, 2 AD3d 379 [2003]).

The defendant's remaining contentions either are without merit, have been rendered academic in light of our determination, or are not properly before this Court because they are raised for the first time on appeal. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.