■ ENRICO FERDICO et al., Respondents, v JOEL ZWEIG, as Executor of MORRIS ZWEIG, Deceased, et al., Respondents, and BRIAN MULLEN et al., Appellants. FARRELL FRITZ, P.C., Nonparty Respondent. [919 NYS2d 521]—

The Supreme Court providently exercised its discretion in denying that branch of the cross motion of the defendants Brian Mullen and Marybeth Mullen (hereinafter together the Mullens) which was to vacate a judgment dated March 11, 2009, pursuant to CPLR 5015 (a) (2). The Mullens failed to establish, inter alia, that the purportedly newly discovered evidence, a report of an alleged handwriting expert concluding that the alleged signature of Morris Zweig on a contract of sale dated July 15, 2004, that had been attached as an exhibit to the plaintiffs' complaint was a forgery, could not have been discovered earlier through the exercise of due diligence (*see Sicurelli v Sicurelli*, 73 AD3d 735 [2010]; *Vogelgesang v Vogelgesang*, 71 AD3d 1132, 1133-1134 [2010]; *Sieger v Sieger*, 51 AD3d 1004, 1005 [2008]; *Matter of State Farm Ins. Co. v Colangelo*, 44 AD3d 868 [2007]).

The Supreme Court also properly denied that branch of the Mullens' cross motion which was to vacate the judgment dated March 11, 2009, pursuant to CPLR 5015 (a) (3), as they failed to establish that the judgment was procured as a result of fraud, misrepresentation, or other improper conduct (*see Matter of Johnson v New York City Dept. of Educ.*, 73 AD3d 927, 928 [2010]; *Sicurelli v Sicurelli*, 73 AD3d 735 [2010]; *Matter of Tellez*, 56 AD3d 678 [2008]).

The Supreme Court also properly denied that branch of the Mullens' cross motion which was to renew their motion for summary judgment dismissing the complaint insofar as asserted against them and their opposition to the plaintiffs' motion for summary judgment on the first cause of action for specific performance of the contract of sale dated July 15, 2004, as they failed to set forth both "new facts not offered on the prior motion[s] that would change the prior determination" and a "reasonable justification for the failure to present such facts on the prior motion[s]" (CPLR 2221 [e] [2], [3]; *see Bank of Am., N.A., USA v Friedman*, 44 AD3d 696 [2007]; *Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]; *Johnson v Marquez*, 2 AD3d 786, 788-789 [2003]; *Riccio v Deperalta*, 274 AD2d 384 [2000]). The Mullens failed to set forth a reasonable justification as to why they did not previously obtain the report of their alleged handwriting expert in time to submit it in support of their original cross motion or in opposition to the plaintiffs' original motion, given that the contract of sale analyzed by their alleged expert was attached as an exhibit to the complaint in the instant action.

A lawyer may withdraw from representing a client if the client, by his or her conduct, "insists upon taking action with which the lawyer has a fundamental disagreement" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [c] [4]) or the client "renders the representation unreasonably difficult for the lawyer to carry out employment effectively" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [c] [7]). Here, Farrell Fritz, P.C. (hereinafter the firm), established good cause to withdraw as counsel of record for the Mullens. Accordingly, the Supreme Court providently exercised its discretion in granting the firm's motion (*see Dillon v Otis El. Co.*, 22 AD3d 1, 3-4 [2005]; *McCormack v Kamalian*, 10 AD3d 679 [2004]; *cf. Brothers v Burt*, 27 NY2d 905 [1970]).

Turning to that branch of the Mullens' cross motion which was for leave to amend their answer to assert a cross claim against the defendant Joel Zweig, individually, to recover damages for fraud arising from Joel Zweig's alleged forgery of Mor-

ris Zweig's signature on the contract of sale dated July 15, 2004, the Mullens failed to allege the essential elements of a cause of action sounding in fraud (*see* CPLR 3016 [b]; *see generally Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). The contract of sale dated July 15, 2004, was between the plaintiffs and Morris Zweig. The Mullens allege that the plaintiffs abandoned that contract, or that the contract was a nullity because of Joel Zweig's alleged forgery of Morris Zweig's signature. The Mullens also allege that they are the bona fide purchasers of the subject real property. Accordingly, the Mullens cannot assert that Joel Zweig's alleged forgery on the contract of sale dated July 15, 2004, was made with the intent to induce their reliance, or that they justifiably relied on Joel Zweig's alleged forgery, both of which are essential elements to a fraud cause of action (*see Lama Holding Co. v Smith Barney*, 88 NY2d at 421). Accordingly, since the proposed amendment was palpably insufficient and patently devoid of merit, the Supreme Court properly denied this branch of the Mullens' cross motion (*see* CPLR 3025 [b]; *Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc.*, 67 AD3d 891, 892-893 [2009]; *Beja v Meadowbrook Ford*, 48 AD3d 495, 496 [2008]; *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]).

The Mullens' remaining contentions are without merit. Covello, J.P., Belen, Hall and Cohen, JJ., concur.