*903 In a matrimonial action in which the parties were divorced by judgment entered May 3, 2010, as amended March 19, 2012, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Connolly, J.), entered April 18, 2012, which, in effect, granted the defendant’s motion for leave to enter a money judgment against her in the principal sum of $16,124.90, and denied her cross motion, inter alia, in effect, pursuant to CPLR 5015 (a) (2) to vacate the judgment of divorce, as amended, on the ground of newly discovered evidence, and to direct a hearing on the issue of the defendant’s entitlement to an attorney’s fee, and (2) a money judgment of the same court dated July 9, 2012, which, upon the order dated April 18, 2012, and upon an order of the same court entered June 14, 2011, granting the defendant’s motion for an award of an attorney’s fee, is in favor of the defendant and against her in the principal sum of $16,124.90.
Ordered that order dated April 18, 2012, and the money judgment are affirmed, with one bill of costs.
The Supreme Court properly denied that branch of the plaintiffs cross motion which was, in effect, pursuant to CPLR 5015 (a) (2), to vacate a judgment of divorce, as amended, on the ground of newly discovered evidence. The plaintiff failed to establish that the evidence on which she relied could not have been discovered earlier through the exercise of due diligence (see Sicurelli v Sicurelli, 73 AD3d 735, 735 [2010]; Vogelgesang v Vogelgesang, 71 AD3d 1132, 1133-1134 [2010]; Sieger v Sieger, 51 AD3d 1004, 1005 [2008]), or that the evidence “would probably have produced a different result” (CPLR 5015 [a] [2]; see Welz v Welz, 83 AD3d 696, 696-697 [2011]; Sicurelli v Sicurelli, 73 AD3d at 735). The Supreme Court likewise properly concluded that the plaintiff failed to establish that the judgment, as amended, should be vacated for any other reason in the interest of justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Alderman v Alderman, 78 AD3d 621, 621 [2010]).
Inasmuch as the additional litigation in this matter was necessitated by the plaintiffs improper conduct, the Supreme Court’s award of an attorney’s fee to the defendant was not an improvident exercise of its discretion (see Mueller v Mueller, 113 AD3d 660, 661 [2014]; Guzzo v Guzzo, 110 AD3d 765, 765-766 [2013]; Carr-Harris v Carr-Harris, 98 AD3d 548, 552 [2012]; Gallagher v Gallagher, 93 AD3d 1311, 1314 [2012]; Krigsman v Krigsman, 288 AD2d 189, 192 [2001]).
The plaintiffs remaining contentions are either not properly *904 before this Court or without merit.
Balkin, J.E, Chambers, Lott and Cohen, JJ., concur.