In the Matter of EDYTA MONASTERSKA, Appellant, v JAMES M. BURNS, Respondent. (Proceeding No. 1.) In the Matter of JAMES M. BURNS, Respondent, v EDYTA MONASTERSKA, Appellant. (Proceeding No. 2.) [994 NYS2d 196]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lechtrecker, Ct. Atty. Ref.), dated May 8, 2013, which, without a hearing, denied her motion pursuant to CPLR 5015 (a) (2) to vacate an order of the same court dated February 10, 2012, awarding the father sole legal and physical custody of the parties' child or, in the alternative, to modify that order so as to award her sole legal and physical custody of the parties' child.

Ordered that the order dated May 8, 2013, is affirmed, without costs or disbursements.

The Supreme Court properly denied that branch of the mother's motion which was pursuant to CPLR 5015 (a) (2) to vacate the order dated February 10, 2012, awarding the father sole legal and physical custody of the parties' child, on the ground of newly discovered evidence. The letters from the New York State Office of Children & Family Services that the mother relied on were not in existence at the time of the Family Court's custody determination. As such, they do not meet the criteria for newly discovered evidence pursuant to CPLR 5015 (a) (2). Specifically, the evidence must be in existence at the time of the original order or judgment, but undiscoverable with due diligence (see Davi v Occhino, 116 AD3d 651, 653 [2014]; Coastal Sheet Metal Corp. v RJR Mech. Inc., 85 AD3d 420 [2011]; Matter of Ayodele Ademoli J., 57 AD3d 668, 669 [2008]). In any event, the mother failed to demonstrate that said evidence "would probably have produced a different result" (CPLR 5015 [a] [2]; see Gooden v Gooden, 117 AD3d 902 [2014]; Welz v Welz, 83 AD3d 696, 696-697 [2011]).

The Supreme Court also properly denied that branch of the mother's motion which was to modify the custody order so as to award her sole legal and physical custody of the parties' child. "A noncustodial parent seeking a change of custody is not entitled to a hearing without making some evidentiary showing sufficient to warrant a hearing" (Matter of Lopez v Infante, 55 AD3d 837, 838 [2008]; see Matter of Olds v Binyard, 64 AD3d 658, 659 [2009]; Jean v Jean, 59 AD3d 599, 600 [2009]; Matter of Bauman v Abbate, 48 AD3d 679, 680 [2008]). Here, the mother failed to make the requisite showing to warrant a hearing. Dillon, J.P., Hall, Austin and Barros, JJ., concur.