■ MARY JANE HAYES, Respondent, v WILLIAM AMES HAYES, Appellant. [7 NYS3d 439]—

Appeals from seven orders of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated August 28, 2012, January 9, 2013, March 29, 2013, May 8, 2013, July 9, 2013, August 2, 2013, and August 15, 2013, respectively. The order dated August 28, 2012, insofar as appealed from, denied those branches of the defendant's motion which were for recusal of the trial court and, in effect, to modify a judgment of that court dated December 5, 2011, and granted that branch of the plaintiff's motion which was for counsel fees in the sum of $2,500. The order dated January 9, 2013, insofar as appealed from, denied those branches of the defendant's motion which were, in effect, to modify the judgment dated December 5, 2011, and two orders of that court dated October 25, 2012, and November 2, 2012, respectively, and to stay enforcement of the order dated November 2, 2012. The order dated March 29, 2013, insofar as appealed from, granted those branches of the plaintiff's motion which were to hold the defendant in contempt of court, for a writ of assistance, to direct the receiver to list and sell the parties' marital residence, to direct the sheriff to evict the defendant from the marital residence, and for counsel fees in the sum of $10,000. The order dated May 8, 2013, denied the defendant's motion, inter alia, to stay the enforcement of, or, in effect, to modify or vacate, two orders of that court dated December 21, 2012, and January 10, 2013, respectively, and

directed the defendant not to make any further motions without prior permission of the court. The order dated July 9, 2013, insofar as appealed from, granted the receiver's motion to approve the sale of the marital residence for $375,500. The order dated August 2, 2013, granted the receiver's motion for permission to serve the defendant by email, nunc pro tunc. The order dated August 15, 2013, insofar as appealed from, granted the plaintiff's motion for counsel fees to the extent of awarding her counsel fees in the sum of $15,000.

Ordered that the orders dated August 28, 2012, January 9, 2013, March 29, 2013, and July 9, 2013, are affirmed insofar as appealed from, and it is further;

Ordered that the orders dated May 8, 2013, August 2, 2013, and August 15, 2013, are affirmed, and it is further;

Ordered that the plaintiff is awarded one bill of costs.

After a nonjury trial, the Supreme Court issued a judgment dated December 5, 2011, equitably distributing the parties' marital property, including the marital residence, which the court directed to be sold, with the proceeds to be divided equally between the parties. The defendant, acting pro se, moved, in effect, to modify the judgment, based on newly discovered evidence. The plaintiff moved for counsel fees incurred in opposing the defendant's motion, and also sought, inter alia, to hold the defendant in contempt for his failure to comply with the provisions of the judgment. The defendant's motion was denied, that branch of the plaintiff's motion which was for counsel fees was granted, and that branch of the plaintiff's motion which was, inter alia, to hold the defendant in contempt was scheduled for a hearing.

After the hearing, in an order dated November 2, 2012, the Supreme Court found the defendant to be in civil contempt, appointed a receiver to sell the marital residence, directed the sheriff to evict the defendant from the marital residence, and directed the defendant to appear in court on a specific date, at a certain time. When the defendant failed to appear in court on the specified date, a bench warrant was issued for his arrest. Thereafter, the defendant filed another motion seeking, in effect, to modify the judgment, as well as the order dated November 2, 2012, based on newly discovered evidence, and the plaintiff made a motion for additional counsel fees incurred in opposing the defendant's motion. The defendant's motion was denied, and the plaintiff's motion for additional counsel fees was granted.

The defendant ultimately was arrested on the bench warrant the court had issued. He was released on bail, but forfeited the

bail after he again failed to appear in court as directed on another specified date. The defendant was held in contempt of court a second time, and the sheriff evicted him from the marital residence, which the receiver then sold.

The defendant now appeals from seven separate orders, which, inter alia, denied his motions, in effect, to modify the judgment and various orders of the Supreme Court, granted the plaintiff's motions for counsel fees, held him in contempt of court, directed the receiver to sell the marital residence, and directed the sheriff to evict him from the marital residence.

None of the defendant's motions, in effect, to modify the judgment and various orders was supported by new facts which would have changed the prior determinations. Specifically, the purported new fact relied upon by the defendant, that the plaintiff concealed marital assets, was a conclusory allegation not supported by any objective proof. Contrary to the defendant's contention, the allegation was not supported by the excerpt he cited from the plaintiff's testimony at the contempt hearing.

The defendant was properly held in civil contempt based on clear and convincing evidence that he disobeyed the lawful judgment and orders of the Supreme Court of which he had knowledge, and that the plaintiff was prejudiced by his contemptuous conduct (*see El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013]). The Supreme Court properly granted the plaintiff a writ of assistance, and properly directed the sheriff to evict the defendant from the marital residence (*see* Real Property Law § 221).

The Supreme Court properly granted the plaintiff's motions for counsel fees, inasmuch as all of the litigation which postdated the judgment equitably distributing the marital property was necessitated by the defendant's willful failure to obey that judgment and his unnecessary, vexatious litigation (*see* Domestic Relations Law § 237 [c]; *Gooden v Gooden*, 117 AD3d 902 [2014]; *Morrissey v Morrissey*, 259 AD2d 472 [1999]).

The defendant's remaining contentions are without merit. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.