■ KOSTA POLITOPOULOS et al., Appellants, v CITY OF NEW YORK, Respondent. [11 NYS3d 861]—In an action to recover damages for personal injuries, the plaintiffs appeal from (1) a judgment of the Supreme Court, Queens County (McDonald, J.), entered June 12, 2013, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against them dismissing the complaint, and (2) an order of the same court entered May 22, 2014, which denied their motion pursuant to CPLR 4404 (a) to set aside the verdict in the interest of justice or, in the alternative, pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment and for a new trial.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff Kosta Politopoulos (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell over an alleged defect in a curb. At a trial on the issue of liability, the jury determined that the defendant did not have prior writ-

ten notice of the alleged defect, and a judgment was entered in favor of the defendant and against the plaintiffs dismissing the complaint. Months later, the plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict in the interest of justice or, in the alternative, pursuant to CPLR 5015 (a) (2) and (3) to vacate the judgment and for a new trial.

The Supreme Court properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aide the verdict in the interest of justice since it was not timely made (*see* CPLR 4405). Additionally, the Supreme Court properly denied that branch of the plaintiffs' motion which was pursuant to CPLR 5015 (a) (2) to vacate the judgment. The plaintiffs failed to establish that the allegedly newly discovered evidence they submitted in support of their motion probably would have produced a different result (*see Matter of Monasterska v Burns*, 121 AD3d 902 [2014]; *Gooden v Gooden*, 117 AD3d 902, 903 [2014]; *Sicurelli v Sicurelli*, 73 AD3d 735 [2010]). Furthermore, because the plaintiffs failed to meet their burden of establishing the existence of fraud, misrepresentation, or misconduct on the part of the defendant, the Supreme Court properly denied that branch of their motion which sought vacatur pursuant to CPLR 5015 (a) (3) (*see Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 869 [2011]; *Welz v Welz*, 83 AD3d 696, 697 [2011]; *Sicurelli v Sicurelli*, 73 AD3d at 735). We note that although the Supreme Court and defense counsel did not properly address a doctor's note relating to a defense witness's purported inability to testify at the trial, under the circumstances of this case, reversal is not warranted. Rivera, J.P., Hall, Austin and LaSalle, JJ., concur.