■ CLYDE PORTER, JR., Appellant, v CLAUDETTE V. PORTER, Respondent. [27 NYS3d 261]—

Appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered February 11, 2014. The order, insofar as appealed from, denied the plaintiff's motion to amend the parties' judgment of divorce dated May 6, 2013, granted that branch of the defendant's motion which was to compel the plaintiff to comply with the judgment of divorce, and awarded the defendant costs and attorney's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant were divorced by judgment of divorce dated May 6, 2013 in which the Supreme Court determined the current value of the marital residence to be $335,000 and awarded the equity in the marital residence in the ratio of 55% to the plaintiff and 45% to the defendant. The judgment also granted the defendant the right to "seek to purchase [the marital residence], giving [the plaintiff] his proportionate share of fifty-five percent (55%) within sixty (60) days of the date of [the] Judgment."

The plaintiff moved to amend the judgment of divorce to, among other things, include a provision granting him a share

of the household furnishings in the marital residence, on the ground that the defendant failed to report such furnishings in her net worth statement. The defendant opposed the motion and asked the court to fine the plaintiff for filing a frivolous motion. The defendant thereafter moved, inter alia, to compel the plaintiff to comply with the provision of the judgment of divorce which granted her the option of purchasing the plaintiff's share of the marital residence. In support of her motion, the defendant presented proof that when she sought to exercise her option of purchasing the plaintiff's share within 60 days of the judgment, the plaintiff thwarted the process by making additional demands, including that he be given a 60% share of the equity in the martial residence and certain household furnishings, before conveying his interest in the marital residence. The Supreme Court denied the plaintiff's motion, granted that branch of the defendant's motion which was to compel the plaintiff to comply with the judgment of divorce, and awarded the defendant costs and attorney's fees.

The Supreme Court properly denied the plaintiff's motion to amend the judgment of divorce. To the extent the plaintiff argues that his motion should have been treated as one to vacate the judgment pursuant to CPLR 5015 (a) (3) and that the motion should have been granted on the ground that the judgment was procured by fraud and/or misrepresentation based on the defendant's failure to report the home furnishings on her net worth statement, this argument is without merit. The defendant's failure to list such furnishings on her net worth statement does not constitute fraud or misrepresentation sufficient to entitle the plaintiff to vacate the judgment of divorce (*see generally Ferdico v Zweig*, 82 AD3d 1151, 1153 [2011]; *Sicurelli v Sicurelli*, 73 AD3d 735, 735 [2010]; *Badgett v Badgett*, 2 AD3d 379, 379 [2003]).

The plaintiff argues that the Supreme Court erred by granting that branch of the defendant's motion which was to compel him to comply with the provision in the judgment giving the defendant the option of purchasing his share of the marital residence. He contends that since the 60-day time frame set forth in the judgment had already expired, the court improperly modified the judgment (*see Siegel v Siegel*, 132 AD2d 247, 254 [1987]) by granting the defendant an extension of time in which to exercise her option. This contention also lacks merit. In the order appealed from, the court did not modify the equitable distribution provisions in the judgment of divorce. Rather, it merely enforced the judgment of divorce by ordering the plaintiff to comply.

The plaintiff's remaining contentions are without merit.

We decline the defendant's request to impose sanctions against the plaintiff in connection with this appeal (*see* 22 NYCRR 130-1.1). Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.