■ Pamela Meltzer, Respondent, v Stuart Meltzer, Appellant. [30 NYS3d 920]—

Appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated January 21, 2014. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (2) and (3) to vacate so much of an order of that court (Anthony J. Falanga, J.) dated May 23, 2008, as awarded the plaintiff additional interim counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a divorce and ancillary relief in December 2005. In an order dated May 23, 2008 (hereinafter the May 2008 order), the Supreme Court awarded the plaintiff certain relief, including additional interim counsel fees. In September 2013, the defendant moved pursuant to CPLR 5015 (a) (2) and (3) to vacate, inter alia, so much of the May 2008 order as awarded the plaintiff additional interim counsel fees. The motion was based upon testimony elicited at a counsel fee hearing, which indicated that a friend had provided the plaintiff with financial assistance in 2007 and 2008. The Supreme Court denied that branch of the defendant's motion which was to vacate so much of the May 2008 order as awarded the plaintiff additional interim counsel fees. The defendant appeals.

A party seeking to vacate an order pursuant to CPLR 5015 (a) (2) on the ground of newly discovered evidence must establish, inter alia, that the evidence probably would have produced a different result (*see Sicurelli v Sicurelli*, 73 AD3d 735 [2010]; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]). Contrary to the defendant's contention, in view of the parties' financial circumstances at the time of the May 2008 order, including the substantial disparity in their respective incomes and available assets, he failed to establish that the newly discovered evidence upon which he relied probably would have produced a different result with respect to the plaintiff's entitlement to an award of additional interim counsel fees (*see Welz v Welz*, 83 AD3d 696, 697 [2011]; *Sicurelli v Sicurelli*, 73 AD3d at 735; *see also Shakil v Rehman*, 134 AD3d 1093, 1094 [2015]; *Prichep v Prichep*, 52 AD3d 61, 65-66 [2008]). Furthermore, the defendant failed to establish the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff sufficient to entitle him to vacatur pursuant to CPLR 5015 (a) (3) (*see Porter v Porter*, 137 AD3d 992 [2016]; *Sicurelli v Sicurelli*, 73 AD3d at 735; *Sieger v Sieger*, 51 AD3d 1004, 1006 [2008]). Accordingly, the Supreme

Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (2) and (3) to vacate so much of the May 2008 order as awarded the plaintiff additional interim counsel fees.

The defendant's remaining contention is without merit. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.