■ NAHUM WHYNN et al., Appellants, v JOSEPH A. CRAPOTTA, Respondent, et al., Defendants. [38 NYS3d 812]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered December 16, 2014, which denied their motion for leave to renew their opposition to the prior cross motion of the defendant Joseph A. Crapotta, inter alia, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3404, which had been granted in a prior order of the same court dated July 10, 2014, or, in the alternative, pursuant to CPLR 5015 (a) (2) to vacate the prior order.

Ordered that the order entered December 16, 2014, is affirmed, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Rivera v Queens Ballpark Co., LLC*, 134 AD3d 796, 797 [2015]). Here, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendant Joseph A. Crapotta's prior cross motion, inter alia, to dismiss the complaint insofar as asserted against him pursuant to CPLR

3404, which was granted in a prior order of the same court dated July 10, 2014. The plaintiffs failed to offer a reasonable justification as to why the new evidence submitted in support of their motion was not submitted in opposition to the prior cross motion. In any event, this evidence would not have changed the prior determination (*see* CPLR 2221 [e]; *Carducci v Russell*, 135 AD3d 887, 888 [2016]; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 982-983 [2015]).

The Supreme Court also properly denied that branch of the plaintiffs' motion which was, in the alternative, pursuant to CPLR 5015 (a) (2) to vacate the prior order. The plaintiffs failed to establish that, even if the proffered evidence was new within the meaning of CPLR 5015 (a) (2) (*cf. Davi v Occhino*, 116 AD3d 651, 653 [2014]), the evidence probably would have produced a different result (*see Meltzer v Meltzer*, 140 AD3d 716 [2016]; *Politopoulos v City of New York*, 130 AD3d 706, 707 [2015]).

The plaintiffs' remaining contentions are not properly before this Court. Leventhal, J.P., Maltese, Barros and Connolly, JJ., concur.