Goshen Mtge., LLC v Giertl (2020 NY Slip Op 00847)





Goshen Mtge., LLC v Giertl


2020 NY Slip Op 00847


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-01794
 (Index No. 5771/16)

[*1]Goshen Mortgage, LLC, etc., respondent,
v
Jan Giertl, appellant, et al., defendant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
The Margolin & Weinreb Law Group, LLP, Syosset, NY (Alan Smikun of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jan Giertl appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered December 24, 2018. The order and judgment of foreclosure and sale, upon an order of the same court (Thomas A. Adams, J.) entered January 5, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jan Giertl, to strike that defendant's answer, and for an order of reference, upon an order of the same court (Thomas A. Adams, J.) entered March 12, 2018, inter alia, denying those branches of the motion of the defendant Jan Giertl which were, in effect, for summary judgment dismissing the complaint insofar as asserted against him and for summary judgment on his counterclaim pursuant to Banking Law § 6-l, inter alia, for rescission of the mortgage loan transaction, and upon an order of the same court (Thomas A. Adams, J.), also entered March 12, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jan Giertl, to strike that defendant's answer, and for an order of reference, and referring the matter to a referee to compute the amount due to the plaintiff on the mortgage loan, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jan Giertl, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the order entered January 5, 2018, and the second order entered March 12, 2018, are modified accordingly.
The plaintiff commenced this action against the defendant Jan Giertl (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Glenwood Landing. The defendant interposed an answer, asserting, as affirmative defenses, inter alia, that the plaintiff failed to comply with RPAPL 1304 and that the plaintiff violated Banking Law § 6-l, and a [*2]counterclaim pursuant to Banking Law § 6-l seeking, inter alia, rescission of the mortgage loan transaction. The plaintiff served a reply to the counterclaim. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant moved, among other things, in effect, for summary judgment dismissing the complaint insofar as asserted against him and for summary judgment on his counterclaim. In an order entered January 5, 2018, the Supreme Court granted the plaintiff's motion. In an order entered March 12, 2018, the court denied the defendant's motion. In a second order entered March 12, 2018, the court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan. On December 24, 2018, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals.
RPAPL 1304(1) provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type," containing certain specified information. RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910).
Here, the plaintiff failed to submit an affidavit of service, admissible business records, or sufficient evidence of mailing by the post office to demonstrate that it properly served the defendant pursuant to RPAPL 1304 (see U.S. Bank N.A. v Goldberg, 171 AD3d 981, 982). Contrary to the plaintiff's contention, an affidavit of service by an employee of a loan servicing company other than the prior loan servicer that purportedly issued a 90-day notice to the defendant was insufficient to establish mailing of the notice. The plaintiff's alleged evidence that the loan servicing company was acquired by the prior loan servicer before the issuance of the 90-day notice was improperly submitted for the first time in reply (see Bank of N.Y. Mellon v Tedesco, 174 AD3d 490, 492).
Since the plaintiff's submissions failed to establish, prima facie, that the 90-day notice required by RPAPL 1304 was properly mailed to the defendant, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
Contrary to the defendant's contention, he was not entitled to summary judgment dismissing the complaint insofar as asserted against him on the ground of a violation of Banking Law § 6-l, or to summary judgment on his counterclaim pursuant to Banking Law § 6-l seeking, inter alia, rescission of the mortgage loan transaction. Under Banking Law § 6-l(1)(d), a "high-cost home loan" is defined as "a home loan in which the terms of the loan exceed one or more of the thresholds as defined in [Banking Law § 6-l(1)(g)]." Under Banking Law § 6-l(1)(g)(ii), the threshold is met when, as is relevant here, the total points and fees exceed five percent of the total loan amount.
Here, the defendant failed to establish, prima facie, that the total points and fees exceeded five percent of the total loan amount. While the defendant properly included broker fees in his calculation of points and fees (see Silver v CitiMortgage, Inc., 162 AD3d 812), he failed to establish, prima facie, that the broker fees plus the other fees totaled more than five percent of the total loan amount.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court