Bank of N.Y. Mellon v Carbone (2021 NY Slip Op 00283)





Bank of N.Y. Mellon v Carbone


2021 NY Slip Op 00283


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2018-14701
2018-14702
 (Index No. 5837/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Louis Carbone, etc., et al., appellants, et al., defendants.


Lawrence Katz, Valley Stream, NY, for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Louis Carbone and Denise Carbone appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 19, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 24, 2018. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon an order of the same court entered March 1, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Louis Carbone and Denise Carbone and for an order of reference, and upon the order entered September 19, 2018, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order entered September 19, 2018, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Louis Carbone and Denise Carbone and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered March 1, 2018, and September 19, 2018, are modified accordingly; and it is further,
ORDERED the one bill of costs is awarded to the defendants Louis Carbone and Denise Carbone.
The appeal from the order entered September 19, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order entered September 19, 2018, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
Contrary to the contentions of the defendants Louis Carbone and Denise Carbone (hereinafter together the defendants), the plaintiff established its standing to commence this action on its motion for summary judgment (see Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 893), and the defendants failed to demonstrate that the action was barred by the statute of limitations (see CPLR 213[4]). However, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864; Goshen Mtge., LLC v Giertl, 180 AD3d 651, 653). Moreover, in opposition to the plaintiff's prima facie showing of compliance with RPAPL 1303, the defendants raised a triable issue of fact as to whether the plaintiff strictly complied with that statute (see Bank of Am., N.A. v Lauro, 186 AD3d 659, 660; Central Mtge. Co. v Abraham, 150 AD3d 961, 962). Therefore, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, as well as the plaintiff's subsequent motion to confirm the referee's report and for a judgment of foreclosure and sale.
MASTRO, A.P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court