Nationstar Mtge., LLC v Paganini (2021 NY Slip Op 00852)





Nationstar Mtge., LLC v Paganini


2021 NY Slip Op 00852


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-02899 
2019-02900
 (Index No. 52059/16)

[*1]Nationstar Mortgage, LLC, respondent,
v
Celso Paganini, appellant, et al., defendants. (Appeal No. 1.)
Wells Fargo Bank, National Association, respondent,
v
Celso Paganini, appellant, et al., defendants. (Appeal No. 2.)


Clair & Gjertsen, White Plains, NY (Mary Aufrecht of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta and Sean Howland of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Celso Paganini appeals from (1) an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated February 14, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated February 14, 2019. The order, in effect, granted the motion of Nationstar Mortgage, LLC, the respondent in Appeal No. 1, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon an order of the same court dated June 30, 2017, upon an order of the same court entered January 20, 2018, and upon the order dated February 14, 2019, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order dated February 14, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeal from the order dated February 14, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On February 28, 2007, the defendant Celso Paganini (hereinafter the defendant) executed a note in the sum of $2,242,500. The note was secured by a mortgage on certain residential property in Harrison. The defendant allegedly defaulted on the loan by failing to make the monthly [*2]installment payment due on August 1, 2009, or any payments thereafter. On September 8, 2009, a 90-day preforeclosure notice pursuant to RPAPL 1304 was sent by certified and first-class mail to the defendant's residence. The plaintiffs' predecessor in interest, Aurora Loan Services, LLC (hereinafter Aurora), allegedly came into possession of the note on February 2, 2010. Aurora commenced the instant foreclosure action on February 5, 2010, against the defendant, among others.
Aurora moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated April 6, 2012, the Supreme Court, among other things, (1) denied those branches of Aurora's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and (2) determined that Aurora had established its standing to maintain the instant action. After a second unsuccessful motion, inter alia, for summary judgment, Aurora made a third motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated December 21, 2016, the court granted Aurora's third summary judgment motion. The court rejected the defendant's claims with respect to RPAPL 1304 and Aurora's standing, concluding, with respect to standing, that the issue had been previously decided by the court in its April 6, 2012 order. The court also granted that branch of Aurora's motion which was to substitute Nationstar Mortgage, LLC, as the plaintiff.
The defendant moved for leave to reargue his opposition to Aurora's motion, asserting that the law with respect to RPAPL 1304 had been misconstrued, and pursuant to CPLR 5015(a)(2) to vacate, on the ground of newly discovered evidence, so much of the April 6, 2012 order as determined that Aurora had standing to maintain the instant action, and thereupon for summary judgment in his favor. By order dated June 30, 2017, the Supreme Court denied that branch of the defendant's motion which sought vacatur. The court granted the defendant leave to reargue his opposition to the third summary judgment motion, in effect, vacated its prior determination granting that motion, and directed a framed-issue hearing on the issue of whether Aurora complied with the requirements of RPAPL 1304. After the hearing, the court, by order entered January 30, 2018, determined that Aurora had complied with the requirements of RPAPL 1304 and, in effect, granted the motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
On April 23, 2018, Nationstar served a notice of computation. The referee's oath was executed on April 26, 2018, and the referee's report was executed on May 5, 2018, without a hearing. Thereafter, Nationstar moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated February 14, 2019, the Supreme Court, in effect, granted Nationstar's motion. The court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property and amending the caption to substitute Wells Fargo Bank, National Association, as the plaintiff. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(2) to vacate so much of the April 6, 2012 order as determined that Aurora had standing to maintain the instant action. Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment (see Matter of Monasterska v Burns, 121 AD3d 902). In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence (see Ferdico v Zweig, 82 AD3d 1151) and that the newly discovered evidence would probably have produced a different result (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088). Here, the defendant failed to establish that the DocTrak report upon which he relies to challenge standing was in existence at the time of the April 6, 2012 order, or that it could not have been discovered earlier with due diligence. In any event, the purported newly discovered evidence would not have produced a different result on Aurora's motion.
The Supreme Court also properly determined that, at the framed-issue hearing, Nationstar proved sufficient mailing of the statutory 90-day preforeclosure notice as required by RPAPL 1304. RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage [*3]foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, "'the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016). The notice must also be in 14-point type (see Goshen Mtge., LLC v Gierti, 180 AD3d 651, 653). Here, at the framed-issue hearing, Nationstar submitted evidence that a third-party vendor mailed the 90-day preforeclosure notice through the testimony of a witness who had personal knowledge of the vendor's standard business practice with regard to sending the 90-day preforeclosure notice to borrowers, and who affirmed, based on the business records she reviewed regarding the subject loan, that the notices had been sent to the defendant in compliance with the requirements of RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; Flagstar Bank, FSB v Mendoza, 139 AD3d 898). Notwithstanding the use of a third party to mail the 90-day preforeclosure notice, Nationstar tendered sufficient evidence demonstrating strict compliance with RPAPL 1304.
Contrary to the defendant's contention, the Supreme Court properly confirmed the referee's report (see Nationstar Mtge., LLC v Hawk, 173 AD3d 1055). Under the circumstances of this case, the referee was not required to conduct a hearing before issuing the report (see Wachovia Mtge. Corp. v Lopa, 129 AD3d 830; Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707).
Accordingly, we affirm the order and judgment of foreclosure and sale.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court