Matter of Lisa S. v Deloris K. J. (2022 NY Slip Op 04552)

Matter of Lisa S. v Deloris K. J.

2022 NY Slip Op 04552

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-03857
2021-04468
2021-06439
 (Docket Nos. G-2761-20/21A)

[*1]In the Matter of Lisa S. (Anonymous), appellant,
v
Deloris K. J. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Lisa S. (Anonymous), appellant,
 Dutchess County Department of Community and Family Services, et al., respondents. (Proceeding No. 2)

Del Atwell, East Hampton, NY, for appellant.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Thomas P. Delpizzo of counsel), for respondent Dutchess County Department of Community and Family Services.
Thomas N.N. Angell, Poughkeepsie, NY (Lawrence M. Moore of counsel), for respondent Deloris K. J.
Michael J. O'Connor, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from (1) an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), entered April 26, 2021, (2) an order of the same court entered June 2, 2021, and (3) an order of the same court entered August 26, 2021. The order entered April 26, 2021, after a hearing, denied the maternal grandmother's petition alleging violation of an interim order of visitation of that same court entered November 18, 2020. The order entered June 2, 2021, after a hearing, denied the maternal grandmother's petition for guardianship of the subject child. The order entered August 26, 2021, denied the maternal grandmother's motion pursuant to CPLR 5015(a)(2) to vacate the order entered June 2, 2021, based on newly discovered evidence.
ORDERED that the orders entered April 26, 2021, June 2, 2021, and August 26, 2021, are affirmed, without costs or disbursements.
The subject child was removed from the care of his mother in March 2019, after a neglect proceeding was commenced against the mother. The child was placed in a non-kinship foster home. By order dated September 19, 2019, the Family Court found that the mother neglected the child.
By petition dated August 11, 2020, the maternal grandmother (hereinafter the grandmother) commenced a proceeding to be appointed guardian of the child. While the guardianship petition was pending, the grandmother filed a petition alleging a violation of an interim order of visitation entered November 18, 2020. The Family Court denied the violation petition by order entered April 26, 2021. After a hearing, by order entered June 2, 2021, the court denied the guardianship petition.
Subsequently, the grandmother moved pursuant to CPLR 5015(a)(2) to vacate the order entered June 2, 2021, based on purportedly newly discovered evidence. The Family Court denied the motion by order entered August 26, 2021.
The Family Court did not err in denying the grandmother's petition alleging a violation of the interim order of visitation, as the grandmother did not show that the Dutchess County Department of Community and Family Services violated that order (see Matter of Garcia v Manukian, 190 AD3d 854, 855; see also Matter of Vukic v Jasaraj, 173 AD3d 1193, 1194).
The Family Court did not err in denying the grandmother's petition for guardianship of the subject child, as she failed to establish that it was in the child's best interests for guardianship to be awarded to her (see Eschbach v Eschbach, 56 NY2d 167, 171). As the court found, the record showed, among other things, that the child had been thriving in the consistent care of the foster family for at least 17 months prior to the filing of the grandmother's petition for guardianship, and that a grant of guardianship to the grandmother would not be in the best interests of the child (see Matter of Lopez v Lopez, 195 AD3d 844, 845; Matter of Kadi W. v ACS-Kings, 167 AD3d 757, 757-758; see also Matter of Aliah M.J.-N. [Candice J.-Anna J.], 182 AD3d 557).
The Family Court properly denied the grandmother's motion pursuant to CPLR 5015(a)(2) to vacate the June 2, 2021 order based on purportedly newly discovered evidence, as the grandmother did not show that such evidence would probably have produced a different result (see Matter of Monasterska v Burns, 121 AD3d 902, 903; Gooden v Gooden, 117 AD3d 902, 902).
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court