U.S. Bank Trust, N.A. v Watkins (2023 NY Slip Op 04972)

U.S. Bank Trust, N.A. v Watkins

2023 NY Slip Op 04972

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-03291
 (Index No. 603587/17)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Zachary Watkins, etc., appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Zachary Watkins appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated April 20, 2022. The order, insofar as appealed from, in effect, denied those branches of that defendant's motion which were pursuant to CPLR 3025(b) for leave to amend his answer and for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Zachary Watkins (hereinafter the defendant), among others, to foreclose a mortgage on real property. The defendant interposed an answer, and thereafter moved, inter alia, for leave to amend the answer to assert an affirmative defense that the mortgage must be deemed satisfied in light of the alleged existence of a mortgage life insurance policy. The defendant additionally sought summary judgment dismissing the complaint insofar as asserted against him, arguing that the plaintiff violated Banking Law § 6-l. In an order dated April 20, 2022, the Supreme Court, among other things, in effect, denied those branches of the motion, and the defendant appeals.
Although leave to amend a pleading should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (see Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586). Here, the proposed amendment was palpably insufficient, and thus, the Supreme Court properly, in effect, denied that branch of the defendant's motion which was for leave to amend the answer.
RPAPL 1302(2) provides, in pertinent part, that "[i]t shall be a defense to an action to foreclose a mortgage that the terms of the home loan or the actions of the lender violate any provision of," among other things, Banking Law § 6-l (see Wells Fargo Bank, N.A. v Edwards, 186 AD3d 1455, 1457). Banking Law § 6-l "imposes limitations and prohibits certain 'practices for high-cost home loans'" (Aries Fin., LLC v 12005 142nd St., LLC, 127 AD3d 900, 901, quoting Banking Law § 6-l[2]). Under Banking Law § 6-l(g)(ii), "[a] home loan is a 'high-cost home loan' [*2]if, among other things, the total points and fees charged exceed five percent of the total loan amount" (Silver v CitiMortgage, Inc., 162 AD3d 812, 813; see Banking Law § 6-l[1][d], [g][ii]).
Here, contrary to the defendant's contention, he failed to demonstrate, prima facie, that the total points and fees charged exceeded five percent of the total loan amount, and thus, he failed to demonstrate, prima facie, that the subject loan was a "high-cost home loan" (Banking Law § 6-l[d]; see Goshen Mtge., LLC v Giertl, 180 AD3d 651, 654). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.
The defendant's remaining contention is not properly before this Court as it is improperly raised for the first time on appeal.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court