■ NATHAN BAIDACH, Respondent, v. CHARLES A. TOGUT, Doing Business as LINDEN GENERAL HOSPITAL, et al., Appellants, et al., Defendants.— In an action by a patient of a private general hospital to recover damages for personal injuries against the owner and operator of the hospital (Charles A. Togut), the attending surgeon (Henry Bloomberg), and others, the jury rendered a verdict of $22,500 for the patient against Togut and Bloomberg, who appeal (as limited by their respective briefs) from so much of the judgment entered thereon as is in favor of the respondent and against them. Respondent claimed that his injuries were sustained by reason of appellants' failure to prevent, or to detect within a reasonable time, the infiltration into tissue of a drug (levophed) being postoperatively administered as a component of an intravenous injection, while he was in the hospital. Judgment insofar as it is in favor of the respondent and against the appellant Bloomberg reversed upon the law and the facts, with costs, action severed, and complaint dismissed. Judgment insofar as it is in favor of the respondent and against the appellant Togut reversed and a new trial granted, with costs to abide the event, unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the amount of the verdict to $17,500, in which event the judgment is affirmed, without costs. It is our opinion that the determination of the jury as to the liability of the appellant Togut is supported by the evidence but that the verdict is excessive. It was error to deny the motion of appellant Bloomberg made at the close of the respondent's case to dismiss the complaint as to him. There was no proof of malpractice or of negligence on his part. He had the right to rely upon the competency of the hospital staff, particularly that of the resident physician, to insert the needle properly and to check frequently the intravenous flow after the levophed had been added. Wenzel, Beldock and

Murphy, JJ., concur; Nolan, P. J., and Hallinan, J., concur (1) in the reversal of the judgment insofar as it is in favor of the respondent against appellant Togut and in the granting of a new trial unless respondent stipulate to reduce the amount of the verdict to $17,500 within a stated time, and (2) in the reversal of the judgment insofar as it is in favor of the respondent against appellant Bloomberg, but dissent from the dismissal of the complaint as to said appellant and vote to grant a new trial as between respondent and that appellant unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the verdict to $17,500, and in that event to affirm the judgment as so reduced, with the following memorandum: The evidence was sufficient against both appellants at the close of the entire case to require a submission of the issues to the jury for determination and, under the law of the case as charged by the trial court without exception (cf. *Buckin* v. *Long Is. R. R. Co.,* 286 N. Y. 146, 149; *Brown* v. *Du Frey,* 1 N Y 2d 190, 195), was sufficient to sustain a verdict against both. The verdict, however, was excessive.