■ RHONDA KLEINERT, Individually and as Mother and Natural Guardian of MATTHEW RUFRANO, an Infant, et al., Appellants, v F. BEGUM, Respondent, et al., Defendants.—In a

medical malpractice action, the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Santucci, J.), dated June 4, 1987, which denied their motion for reargument of a decision of the same court dated March 13, 1987, and (2) from so much of an order of the same court, dated June 24, 1987, as granted the defendant Begum's cross motion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the appeal from the order dated June 4, 1987, is dismissed, as no appeal lies from an order denying reargument or made upon the reargument of a decision; and it is further,

Ordered that the order dated June 24, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The instant action arises out of the alleged medical malpractice committed by the defendant hospital and the defendant doctors during the delivery of the infant plaintiff Matthew Rufrano. The plaintiffs presently contend that the Supreme Court erred in granting the motion of the defendant Begum, a private attending physician at the defendant hospital, for summary judgment dismissing the complaint insofar as it is asserted against her. We disagree.

It is firmly established that: "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers *(Matter of Redemption Church of Christ v Williams,* 84 AD2d 648, 649; *Greenberg v Manlon Realty,* 43 AD2d 968, 969)" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). More particularly, in a medical malpractice action such as the one at bar, the moving defendant's papers must "set forth everything that the defendant had done during the treatment of the patient and [indicate] that the treatment was not the proximate cause of the patient's complaints" *(Wertheimer v Paley,* 137 AD2d 680, 681). We conclude that the defendant Begum met this burden by establishing, as a matter of law, that she breached no professional duty of care owed to the plaintiffs.

There is no dispute regarding the defendant Begum's ac-

tions insofar as they are relevant to the instant case. As a private attending physician, she examined the plaintiff mother, a patient of the defendant hospital, on only one occasion some two hours prior to the infant plaintiff's delivery. She observed no problems with the plaintiff mother's labor at that time, although the defendant Begum was aware, as noted in the mother's labor record, that a large baby was anticipated, and, therefore, problems in the delivery were possible. The defendant Begum departed from the hospital prior to the delivery, leaving the mother in the care of the other individual defendants, who were resident physicians at the defendant hospital. The record reveals that she had no further involvement with the mother of the infant, nor was she at any time summoned to aid in the subsequent delivery during which the infant and the mother sustained their alleged injuries.

Under these circumstances, the plaintiff's contention that an issue of fact exists with respect to whether the defendant Begum had the duty to remain at the hospital or to take some further specific course of action is without merit. The uncontroverted evidence demonstrates that the defendant Begum was under no obligation to personally supervise the delivery procedure or the physicians who participated therein. The plaintiff mother under the facts presented here had no right to expect treatment from any particular physician. The defendant Begum's total involvement with the plaintiff mother consisted of a single examination which occurred two hours prior to the delivery. The only duty which she owed to the plaintiff mother was the duty of conducting this examination in a professionally proper manner. The plaintiffs have failed to come forward with any factual proof that the defendant Begum committed medical malpractice or caused them injury during the performance of this examination, nor have they submitted any evidence indicating that she otherwise failed to fully and properly discharge her duty of professional care in examining the plaintiff mother. Moreover, the single examination by the defendant Begum did not create a further duty on her part to personally supervise or participate in the delivery of the infant which occurred some two hours later. She did not assume responsibility for the mother's care subsequent to the examination, nor was she legally obligated to do so under the circumstances. Rather, she was entitled to rely upon the defendant resident physicians and other hospital personnel, as well as upon the fact that the mother's labor record set forth the possibility of problems in the delivery for the other physicians to see (see generally, Baidach v Togut, 8 AD2d 838,

*mod on other grounds* 9 AD2d 628, *appeal dismissed* 7 NY2d 128). Similarly, her actions were so far removed from the actual injury-producing events that they cannot be considered a proximate cause of the alleged injuries of the infant or his mother. Hence, we conclude that the defendant Begum demonstrated her prima facie entitlement to summary judgment. Inasmuch as the plaintiffs' papers in opposition to the motion failed to set forth any factual evidence indicating that the defendant Begum breached a duty of professional care owed to the plaintiffs or that any of her actions constituted a proximate cause of the plaintiffs' injuries, they were insufficient to raise a material triable issue of fact *(see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Fileccia v Massapequa Gen. Hosp.,* 99 AD2d 796, *affd* 63 NY2d 639). Accordingly, the award of summary judgment was appropriate. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.