■ GEORGE MULLEN, as Administrator of the Estate of PATRICIA A. MULLEN, Deceased, Respondent, v DAVID H. SONABEND et al., Defendants, and HARVEY J. MILLER, Appellant.— In a medical malpractice action to recover damages for wrongful death, etc., the defendant Harvey J. Miller appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered November 14, 1989, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff's wife suffered an anaphylactic reaction to an allergy shot administered on January 25, 1989, at the office of the defendant Dr. David Sonabend and died three days later. The complaint and bill of particulars alleged various negligent acts since 1986 and omissions by the defendant doctors during the course of the decedent's treatment for allergies at the South Shore Allergy Group, including the failure to notice her prior adverse reactions, to perform required tests, to properly administer certain drugs, and to adhere to accepted standards of practice in managing her condition.

The defendant Dr. Harvey J. Miller moved for summary judgment dismissing the complaint insofar as it is asserted against him on the ground that he did not have a physician-patient relationship with the decedent on January 25, 1989, and therefore owed her no duty of care. Dr. Miller produced a copy of his employment contract with David Sonabend, M.D., P.C., for the period from December 31, 1987, to December 31, 1988, and stated in an affidavit that he terminated his relationship with this professional corporation on December 31, 1988, and had no contact with its patients, including the decedent, after that date.

Dr. Miller's motion was properly denied as he failed to establish entitlement to judgment in his favor as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320; Winegrad v New York Univ. Med. Center, 64 NY2d 851). The complaint and bill of particulars did not limit the allegations of negligent treatment to January 25, 1989, but alleged in substance that the decedent's injuries were due to the course of treatment for her allergies since 1986. It is undisputed that Dr.

Miller treated the decedent at some point during this period. In order to meet his initial burden of proof, Dr. Miller was required to set forth his treatment of the decedent and show that that treatment was not a proximate cause of her injuries *(see, Kleinert v Begum,* 144 AD2d 645; *Wertheimer v Paley,* 137 AD2d 680). In his affidavit, Dr. Miller averred only that he did not treat the decedent on January 25, 1989, and failed to discuss the treatment he provided to the decedent on the other dates included in the bill of particulars. Since Dr. Miller failed to make a prima facie showing of entitlement to judgment in his favor, the motion was properly denied, without examining the sufficiency of the opposing papers *(see, Alvarez v Prospect Hosp., supra; Winegrad v New York Univ. Med. Center, supra).* Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.