■ JEANETTE LEON et al., Respondents, v SOUTHSIDE HOSPITAL et al., Respondents, and JUNG KILL OH, Appellant. [642

NYS2d 72] —In an action to recover damages for medical malpractice, the defendant Jung Kill Oh appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 7, 1995, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Jung Kill Oh, and the action against the remaining defendants is severed.

On appeal, the appellant Jung Kill Oh contends that the Supreme Court erred in denying his motion for summary judgment because he was not present during the infant plaintiff's delivery and breached no professional duty of care to the plaintiffs. We agree. In order to demonstrate entitlement to judgment as a matter of law in a medical malpractice action, the moving defendant's papers must " 'set forth everything that the defendant had done during the treatment of the patient and [indicate] that the treatment was not the proximate cause of the patient's complaints' " (*Kleinert v Begum,* 144 AD2d 645, 646). Here, the appellant sustained this initial burden by demonstrating that he was not present at any time during the plaintiff mother's labor or delivery, and that he gave no advice or instructions to be followed during the labor (*see, Tessier v New York City Health & Hosps. Corp.,* 177 AD2d 626; *Kleinert v Begum, supra*). The record further reveals that the appellant was not informed that the plaintiff mother was in labor until after she was admitted to the hospital at approximately 11:00 P.M., and hospital records indicate that the infant plaintiff was born only minutes later, at 11:14 P.M. Moreover, the conclusory expert affidavit submitted by the plaintiffs in opposition to summary judgment was insufficient to raise a triable issue of fact as to whether the appellant's failure to be present during the delivery was a proximate cause of the infant's injuries.

In view of our determination, we do not reach the appellant's additional ground for seeking dismissal of the action as to her. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.