■ ANNE CACCIO et al., Respondents, v MAIMONIDES MEDICAL CENTER, Appellant, et al., Defendant. [664 NYS2d 93] —In an action, *inter alia,* to recover damages for medical malpractice, the defendant Maimonides Medical Center appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated December 16, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The decedent died as a result of complications from Acquired Immune Deficiency Syndrome (AIDS), which he contracted through contaminated blood transfused during surgery at the defendant Maimonides Medical Center (hereinafter Maimonides). It is undisputed that the contaminated blood was not provided by Maimonides (it was provided by the codefendant New York Blood Center, Inc.). The plaintiff, however, seeks to hold Maimonides responsible for damages on the ground that Maimonides failed to transfuse the decedent with the allegedly "clean" units of blood provided by his family members before the surgery.

Maimonides' motion for summary judgment was properly denied. In order to meet its burden of proof on a motion for summary judgment in a medical malpractice case, a defendant must establish that its treatment was not a proximate cause of the plaintiff's injuries (*see, Mullen v Sonabend,* 173 AD2d 528, 529). We agree with the Supreme Court that Maimonides did not establish that the blood donated by the decedent's relatives was incompatible with the decedent's blood and, thus, could not have been used for the decedent's transfusion. Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.