(June 23, 2003)

■ DONALD R. BETTENCOURT et al., Appellants, v LONG ISLAND COLLEGE HOSPITAL, INC., et al., Defendants, and RICHARD JOHNSON, Respondent. [762 NYS2d 261] —In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Schmidt, J.),

entered March 20, 2002, which, upon an order of the same court, entered March 11, 2002, granting the motion of the defendant Richard Johnson for summary judgment dismissing the complaint insofar as asserted against him, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

Dr. Johnson's participation in the surgery at issue did not create a further duty on his part to personally supervise or participate in the injured plaintiff's postoperative medical care or treatment subsequent to his limited participation. Dr. Johnson did not undertake to supervise the injured plaintiff's case, nor was he in any position to do so, as the defendant Dr. Thomas Millhorat was the injured plaintiff's primary physician. Thus, Dr. Johnson made a prima facie showing of entitlement to summary judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs failed to present competent evidence sufficient to raise a triable issue of fact (id. at 326-327). Accordingly, the Supreme Court properly granted Dr. Johnson's motion for summary judgment dismissing the complaint insofar as asserted against him (see Markley v Albany Med. Ctr. Hosp., 163 AD2d 639 [1990]; Kleinert v Begum, 144 AD2d 645 [1988]).

The plaintiffs' remaining contention is without merit. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.