■ DENISE WORTHY, Appellant, v GOOD SAMARITAN HOSPITAL MEDICAL CENTER, Respondent. [857 NYS2d 177]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated August 7, 2006, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court dated March 28, 2007 which denied her motion for leave to renew and reargue her opposition to the defendant's motion.

Ordered that the appeal from so much of the order dated March 28, 2007, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]); and it is further,

Ordered that the order dated August 7, 2006 is affirmed; and it is further,

Ordered that the order dated March 28, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In its order dated August 7, 2006 the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint to recover damages for medical malpractice. The defendant made a prima facie showing of entitlement to summary judgment through an affirmation of its medical expert,

a board-certified physician in emergency medicine (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The defendant's medical expert conducted a comprehensive review of the plaintiff's medical records, the plaintiff's bill of particulars, as supplemented, and the deposition testimony of the treating emergency medicine physician and the respiratory technician. The expert opined, with a reasonable degree of medical certainty, that the defendant did not depart from good and accepted standards of medical care in its treatment of the plaintiff's asthma condition and did not proximately cause her alleged injuries (*see generally Ramsay v Good Samaritan Hosp.*, 24 AD3d 645 [2005]; *Hemingway v New York City Health & Hosps. Corp.*, 13 AD3d 484 [2004]; *Leon v Southside Hosp.*, 227 AD2d 384 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation submitted by the plaintiff in opposition to the motion was of no probative value insofar as it was a redacted affirmation from a physician who was not authorized by law to practice in the state of New York (*see* CPLR 2106).

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew her opposition to the defendant's motion for summary judgment. Although the plaintiff corrected the procedural error by submitting an affidavit of the same physician (*see Weissman v Wider*, 235 AD2d 474 [1997]), the conclusory and unsupported allegations of medical malpractice contained therein failed to raise a triable issue of fact (*see Posokhov v Oselkin*, 44 AD3d 921 [2007]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Therefore, admission of these new facts would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]; *Kingston v Brookdale Hosp. & Med. Ctr.*, 4 AD3d 397, 398 [2004]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.