■ In the Matter of Max H. Crane, Deceased. Alan Crane, Respondent; Judith Hollander, Appellant. [8 NYS3d 219]—

In a probate proceeding in which the executor of the estate of Max Crane petitioned for the judicial settlement of his account, the objectant, Judith Hollander, appeals from an order of the Surrogate's Court, Suffolk County (Braslow, A.S.), entered April 3, 2013, which denied her motion for leave to renew her opposition to the petitioner's prior motion for summary judgment dismissing a certain objection to his account, which had been determined in an order dated September 6, 2011.

Ordered that the order entered April 3, 2013, is affirmed, with costs payable to the estate of Max H. Crane.

As noted in our prior decision and order relating to this proceeding (see Matter of Crane, 100 AD3d 626 [2012]), Max H. Crane (hereinafter the decedent) died on March 21, 2003, and was survived by his adult children, the petitioner, Alan Crane, and the objectant, Judith Hollander. The decedent's will, which was dated March 13, 1997, bequeathed a 60% share of the estate to the petitioner and a 40% share to the objectant. On May 14, 2004, after a contested proceeding, the will was admitted to probate, and letters testamentary were issued to petitioner, the nominated executor. On May 9, 2005, the petitioner petitioned for the judicial settlement of his account, which reflected a modest estate, with total receipts amounting to the sum of $60,500.

The objectant filed numerous objections. The petitioner eventually moved for summary judgment dismissing three of the objections, and the objectant withdrew two of the three objections. In an order dated September 6, 2011, the Acting Surrogate granted that branch of the petitioner's motion which was for summary judgment dismissing the objection alleging that the petitioner failed to include in the accounting a claim against himself for the conversion of $2,000,000 worth of municipal bonds that belonged to the decedent's estate (hereinafter the objection). The Acting Surrogate concluded that the petitioner satisfied his prima facie burden, and that the objectant failed to raise a triable issue of fact as to whether the $2,000,000 in municipal bonds existed at the time of decedent's death or whether the petitioner had converted them to his own benefit.

The objectant moved for leave to reargue and renew her op-

position to the petitioner's motion. In an order dated February 10, 2012, the Acting Surrogate granted renewal and reargument, but adhered to his determination in the September 6, 2011, order. The objectant appealed from both the order dated September 6, 2011, and the order dated February 10, 2012, made upon renewal and reargument.

In a decision and order dated November 7, 2012, this Court upheld the determination that the petitioner was entitled to summary judgment dismissing the objection (*see id.* at 626-627). Shortly after this Court decided the objectant's appeals, the objectant again moved in the Surrogate's Court for leave to renew her opposition to the petitioner's motion for summary judgment. In support of her motion, the objectant submitted the affidavit of a former accountant for the petitioner. The Acting Surrogate denied the motion, and the objectant appeals. We affirm.

As relevant here, a party seeking renewal of a motion pursuant to CPLR 2221 (e) must set forth "new facts not offered on the prior motion that would change the prior determination" and "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Ferdico v Zweig*, 82 AD3d 1151, 1153 [2011]). On a post-appeal motion for leave to renew, the movant bears a heavy burden of showing due diligence in presenting the new evidence to the motion court (*see Derby v Bitan*, 112 AD3d 881, 882 [2013]). Here, even if the objectant showed due diligence in obtaining the "new" evidence, that new evidence would not have demonstrated the existence of a triable issue of fact in opposition to the petitioner's motion for summary judgment. The affidavit was conclusory (*see Rappaport v North Shore Univ. Hosp.*, 60 AD3d 1029, 1029-1030 [2009]; *Worthy v Good Samaritan Hosp. Med. Ctr.*, 50 AD3d 1023, 1024 [2008]), and, insofar as relevant here, was not based on the affiant's personal knowledge. Since the new evidence would not have changed the prior determination, the motion for leave to renew was properly denied (*see Matter of Willnus*, 101 AD3d 1036, 1037-1038 [2012]; *Worthy v Good Samaritan Hosp. Med. Ctr.*, 50 AD3d at 1024). Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.