■ James Priant, Appellant, v New York City Transit Authority, Respondent, et al., Defendants. [36 NYS3d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated September 28, 2015, which denied his motion for leave to renew that branch of his prior motion which was for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

In this action to recover damages for personal injuries, the plaintiff moved, inter alia, for leave to serve a late notice of claim. In an order dated January 17, 2014, the Supreme Court granted that branch of the plaintiff's motion. The defendant New York City Transit Authority appealed, and by decision and order dated March 11, 2015, this Court reversed so much of the order dated January 17, 2014, as granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim, and denied that branch of the motion (*see Priant v New York City Tr. Auth.*, 126 AD3d 774 [2015]). The plaintiff then moved for leave to renew that branch of his prior motion which was for leave to serve a late notice of claim. The Supreme Court denied the plaintiff's motion for leave to renew, and the plaintiff appeals.

Pursuant to CPLR 2221 (e), a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). On a postappeal motion for leave to renew, the movant bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court (*see Matter of Crane*, 127 AD3d 747, 748

[2015]; *Derby v Bitan*, 112 AD3d 881, 882 [2013]; *Andrews v New York City Hous. Auth.*, 90 AD3d 962, 963 [2011]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Elder v Elder*, 21 AD3d 1055, 1055 [2005]; *see Rose v Levine*, 98 AD3d 1015, 1015-1016 [2012]; *Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727, 728 [2009]).

Here, the plaintiff failed to establish that the new evidence offered in support of his motion for leave to renew could not have been discovered earlier through the exercise of due diligence (*see Andrews v New York City Hous. Auth.*, 90 AD3d 962, 963 [2011]; *Ferdico v Zweig*, 82 AD3d 1151, 1152 [2011]; *Sicurelli v Sicurelli*, 73 AD3d 735 [2010]; *Levitt v County of Suffolk*, 166 AD2d 421, 422-423 [1990]). Accordingly, the plaintiff's motion for leave to renew that branch of his prior motion which was for leave to serve a late notice of claim was properly denied.

The plaintiff's remaining contention is improperly raised for the first time on appeal (*see Bhanti v Jha*, 140 AD3d 685 [2016]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.