Pasqualoni v Jacklou Corp. (2018 NY Slip Op 06928)





Pasqualoni v Jacklou Corp.


2018 NY Slip Op 06928


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-07047
2017-10939
 (Index No. 57701/15)

[*1]Joseph Pasqualoni, appellant,
v
Jacklou Corp., etc., respondent.


Cascione Purcigliotti & Galluzzi, P.C., New York, NY (Michael J. Galluzzi, Kelly L. Murtha, and Thomas G. Cascione of counsel), for appellant.
LaRose & LaRose, Poughkeepsie, NY (Keith V. LaRose of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated May 16, 2017, and (2) an order of the same court dated August 29, 2017. The order dated May 16, 2017, granted the defendant's motion for summary judgment dismissing the complaint. The order dated August 29, 2017, denied the plaintiff's motion for leave to reargue and renew his opposition to the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated May 16, 2017, is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated August 29, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,
ORDERED that the order dated August 29, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On January 27, 2015, the plaintiff allegedly was injured when he tripped and fell as he entered the defendant's restaurant, the Star Diner, located on East Post Road in White Plains. The exterior door of the diner opens on a vestibule with a short staircase leading up to an interior door. Upon pulling open the interior door, there is a single step riser at the threshold, followed by a long, narrow carpet running from the entrance to the end of the diner's lunch counter. It is undisputed that the plaintiff's accident happened as he crossed the threshold of the interior door and entered the diner.
The plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging, inter alia, negligent maintenance of the premises. In his initial bill of particulars, the plaintiff specifically alleged that he tripped on "an uplifted looped portion of the [*2]carpet runner as he stepped through the interior entrance doorway of Star Diner's premises." At his subsequent deposition, the plaintiff readily admitted seeing the single step riser upon opening the interior door of the diner, adding "I don't think you could miss it." He further testified, consistent with his prior bill of particulars, that after stepping into the diner with his right foot, his left foot got caught in the carpet as he was moving it forward, causing him to trip and fall.
The defendant's principal, who was working in the diner that morning but did not actually witness the accident, testified at his deposition that the plaintiff must have tripped over the single step riser, noting that other people had tripped over it in the past.
The plaintiff thereafter served an amended bill of particulars in which he no longer alleged that the carpet caused his fall, but instead claimed that he tripped on the single step riser, which was "hidden behind the entrance door" of the diner.
Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. The Supreme Court, in an order dated May 16, 2017, granted the defendant's motion. The plaintiff thereafter moved for leave to reargue and renew his opposition to the defendant's motion. The defendant opposed the motion. The court, in an order dated August 29, 2017, denied the plaintiff's motion in its entirety. The plaintiff appeals from both orders.
The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating, through the submission, inter alia, of the plaintiff's deposition testimony and amended bill of particulars, that the plaintiff could not identify the cause of his fall without engaging in speculation (see Vojvodic v City of New York, 148 AD3d 1086, 1087-1088; Ash v City of New York, 109 AD3d 854, 855-856). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's sworn statement, submitted in opposition to the defendant's motion, that he expected the floor of the diner to be "level with the landing," presented what appears to be a feigned issue of fact designed to avoid the consequences of his prior deposition testimony (see Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993). Accordingly, we agree with the Supreme Court's granting of the defendant's motion for summary judgment dismissing the complaint.
We also agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for leave to renew (see CPLR 2221[e]; Matter of Crane, 127 AD3d 747, 748; Matter of Leyberman v Leyberman, 43 AD3d 925, 926).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court