Gahagan v Gahagan (2019 NY Slip Op 03769)





Gahagan v Gahagan


2019 NY Slip Op 03769


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11983
 (Index No. 200148/03)

[*1]Robert G. Gahagan, respondent, 
v
Betsy Gahagan, appellant.


Sunshine & Feinstein, LLP, Garden City, NY (Joel M. Sunshine and Janet R. Faber of counsel), for appellant.
Goodman, Jurist & Pandolfo, LLP, Garden City, NY (Gregory Pandolfo of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered April 30, 2009, the defendant appeals from an order of the Supreme Court, Nassau County (Sondra K. Pardes, J.), entered October 11, 2016. The order, insofar as appealed from, denied those branches of the defendant's motion which were to recover housing costs, costs for repairs to the marital residence, child support add-ons, and counsel fees, and for leave to renew or reargue her motion for the reinstatement of monthly maintenance, which motion had been denied in an order of the same court (Margaret C. Reilly, J.), dated August 7, 2015.
ORDERED that the appeal from so much of the order as denied that branch of the defendant's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the defendant's motion which was for reimbursement for child support add-ons consisting of unreimbursed medical and educational expenses in the sum of $3,731.84, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.
We agree with the Supreme Court's denial of that branch of the defendant's motion which was to recover housing costs. The defendant failed to demonstrate that the plaintiff did not pay any of the housing costs that he was directed to pay in the order after trial and the judgment of divorce, namely, the mortgage, taxes, insurance, and homeowner's insurance. We also agree with the court as to its denial of that branch of the defendant's motion which was to recover the cost of repairs to the marital residence, given that the defendant did not seek allocation of those costs at the time of the sale of the marital residence.
We disagree, however, with the Supreme Court's denial of that branch of the defendant's motion which was for reimbursement for child support add-ons consisting of unreimbursed medical and educational expenses that the defendant adequately documented. Pursuant to the judgment of divorce, the plaintiff was responsible for 100% of the children's high school and college tuition (including dormitory and billed living expenses), health insurance, and dental, orthodontic, therapy, eye care, summer camp, and hospitalization expenses. Pursuant to this [*2]Court's decision and order in Gahagan v Gahagan (76 AD3d 538), modifying the judgment of divorce, the plaintiff was responsible for 100% of the children's unreimbursed medical expenses, and any other high school and college expenses for each child until the child was emancipated. The defendant requested reimbursement for expenses including medical expenses, lacrosse trips, study abroad expenses, and college tuition. The Supreme Court granted the defendant's request for a portion of the college tuition, but otherwise denied this request. Although the defendant failed to establish that the lacrosse programs constituted summer camp or high school expenses, and the court properly denied reimbursement of this request, the plaintiff raised no objection to paying unreimbursed medical expenses, or study abroad expenses. The court should have directed him to pay the unreimbursed medical expenses and study abroad expenses in the total sum of $3,731.84, for which the defendant submitted receipts.
The Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was for leave to renew her motion to reinstate maintenance retroactive to January 1, 2014. The new evidence tendered by the defendant in support of renewal would not have changed the prior determination (see CPLR 2221[e][2]). Nor did the defendant establish that the new evidence offered in support of her motion for leave to renew could not have been discovered earlier through the exercise of due diligence. She provided no reasonable justification for the failure to submit the additional facts on the original motion (see CPLR 2221[e][2]; Priant v New York City Tr. Auth., 142 AD3d 491, 492; Allstate Ins. Co. v Davis, 23 AD3d 418, 418).
Considering the relative merit of the parties' contentions and their respective financial positions, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was for an award of counsel fees (see Domestic Relations Law §§ 237, 238; Boukas v Boukas, 163 AD3d 755, 756; Walker v Walker, 255 AD2d 375, 376).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court