Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc. (2021 NY Slip Op 05606)





Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc.


2021 NY Slip Op 05606


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-00719
 (Index No. 55679/16)

[*1]Village of Dobbs Ferry, respondent, 
v
Landing on the Water at Dobbs Ferry Homeowners Association, Inc., appellant.


Braverman Greenspun, P.C., New York, NY (Jon Kolbrener of counsel), for appellant.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh and Doreen Klein of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief, the defendant appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 31, 2019. The order denied the defendant's motion for leave to renew its prior motion for summary judgment dismissing the complaint, on its counterclaims, and, in effect, declaring that the subject conservation easement does not exist, which had been denied in an order of the same court dated March 29, 2019, and for leave to renew its opposition to those branches of the plaintiff's prior motion which were for summary judgment on the first and second causes of action, dismissing the defendant's first counterclaim, and, in effect, declaring that the subject conservation easement exists, which had been granted in the order dated March 29, 2019.
ORDERED that the order dated December 31, 2019, is affirmed, with costs.
A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination (see CPLR 2221[e][2]). Such a motion shall contain reasonable justification for the failure to present such facts on the prior motion (see id. 2221[e][3]). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Federal Natl. Mtge. Assn. v Sakizada, 153 AD3d 1236; Bazile v City of New York, 94 AD3d 929).
Here, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for leave to renew its prior motion for summary judgment dismissing the complaint, on its counterclaims, and, in effect, declaring that the subject conservation easement does not exist, and its opposition to those branches of the plaintiff's prior motion which were for summary judgment on the first and second causes of action, dismissing the defendant's first counterclaim, and, in effect, declaring that the subject conservation easement exists. The alleged new evidence tendered by the defendant in support of renewal would not have changed the prior determination inasmuch as the "new" map, upon which the defendant relied, was neither recorded nor official, did not set forth any means of access by the plaintiff's residents to the waterfront parcel, and, in any event, was [*2]superseded by the amended easement dated less than two months later (see CPLR 2221[e][2]). Further, the defendant failed to show that the new evidence could not have been discovered earlier through the exercise of due diligence (see Gahagan v Gahagan, 172 AD3d 1008, 1010; Priant v New York City Tr. Auth., 142 AD3d 491, 492). The defendant provided no reasonable justification for failing to present that evidence on its prior motion and in opposition to the plaintiff's prior motion (see CPLR 2221[e][2]; Gahagan v Gahagan, 172 AD3d at 1010).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court