**Bapaz NYC W. 46 St Group LLC v Assa Props. Inc.**

2025 NY Slip Op 30032(U)

January 6, 2025

Supreme Court, New York County

Docket Number: Index No. 652456/2018

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

---------------------------------------------------------------------------------X

BAPAZ NYC WEST 46 ST GROUP LLC,

                              Plaintiff,

                         - v -

ASSA PROPERTIES INC.,SALIM ASSA, SOLY ASSA,
WEST 46TH STREET INVESTORS LLC,WEST 46TH
STREET EQUITY LLC,WEST 46TH STREET
MANAGEMENT CORP., NYC 46TH STREET LLC,BEN
SUKY, MEITAL SUKY, ABRAHAM LAVI

                              Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652456/2018 |
| **MOTION DATE** | 10/18/2024 |
| **MOTION SEQ. NO.** | 010 |

**DECISION + ORDER ON
MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 010) 287, 288, 289, 290,
291, 292, 293, 294, 296, 298

were read on this motion to/for                   RENEWAL                                    .

Upon the foregoing documents, (i) Salim Assa's motion (Mtn. Seq. No. 010) for leave to renew

the Decision and Order of this Court, dated September 24, 2024 (NYSCEF Doc. No. 273; the

**September 2024 Decision**) is DENIED and (ii) the branch of the plaintiff's opposition papers

seeking sanctions is DENIED without prejudice.

Judgment in this case was entered on May 9, 2024 (NYSCEF Doc. No. 239).   Subsequently, the

plaintiff purported to serve judgment enforcement subpoenas on the defendants West 46th Street

Management Corp. (NYSCEF Doc. 259), West 46th Street Equity LLC (NYSCEF Doc. No. 260),

Salim Assa (NYSCEF Doc. No. 261), and Soly Assa (NYSCEF Doc. No. 263) and the

defendants moved to quash those subpoenas.  The Affidavit of Service of the Judgment

enforcement subpoena served on Mr. Assa provides:

**652456/2018   BAPAZ NYC WEST 46 ST GROUP LLC vs. ASSA PROPERTIES INC.**                    **Page 11 of 7**
  **Motion No.  010**

**ANDRE MEISEL**, the undersigned, affirms and states that deponent is not a party to this action, is over 18 years of age and resides in the State of New York.

That on **5/24/2024**, at **1:34 PM** at **725 5TH AVENUE APT 46D/46K, NEW YORK, NY 10022**, Deponent served the within **SUBPOENA AD TESTIFICANDUM AND SUBPOENA DUCES TECUM WITH RESTRAINING NOTICE**. On: **SALIM ASSA**, Witness therein named, (hereinafter referred to as "subject").

By delivering thereat a true copy of each to **Mike Anton (Doorman), a person of suitable age and discretion.**

Said premises is subject's **dwelling house (usual place of abode)** within the state. A description of **Mike Anton** is as follows:

**Sex:** Male **Color of skin:** White **Color of hair:** Black **Age:** 50
**Height:** 5ft9in-6ft0in **Weight:** 161-200 Lbs. **Other:**

In Addition, Doorman said he was instructed to take any legal documents that came for these recipients.

On **May 28, 2024**, service was completed by mailing a true copy of the above stated document(s) to the Witness at the above stated address, in a First Class postpaid properly addressed envelope marked "Personal and Confidential" not indicating that the sender is an attorney or concerns an action against the person served, in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

(NYSCEF Doc. No. 267)

Pursuant to the September 2024 Decision, the Court granted the motion to quash as against the corporate defendants but denied the motion to quash as against the individual defendants.

Now, and as relevant, Salim Assa, one of the individual defendants, seeks to reargue this Court's September 2024 Decision in having the subpoena quashed or in having the Court order a traverse hearing. In support of his motion, he argues that he did not specifically grant his doorman authority to accept papers for him. In support of this position, he adduces the affidavit of Mike Anton, his doorman, who received the subpoena for Mr. Assa.

**652456/2018  BAPAZ NYC WEST 46 ST GROUP LLC vs. ASSA PROPERTIES INC.**           **Page 22 of 7**
 **Motion No.  010**

2 of 7

In Mr. Anton's Affidavit, he indicates:

> 1. I am employed as a doorman at the Trump Tower condominium at 725 Fifth Avenue, New York, NY. I have personal knowledge of the facts set forth below.
> 2. I am advised that a process server has stated (i) that on May 24, 2024, he handed me some legal papers directed to defendant Salim Assa, who is a resident of the Trump Tower condominium, and (ii) that I told him I had been instructed to take any legal documents that came for Mr. Assa.
> 3. I have never been instructed to take any legal documents that came for Mr. Assa and I never told any process server that I had been instructed to take any legal documents that came for Mr. Assa.

(NYSCEF Doc. No. 284 ¶ 3). Mr. Anton does not however deny that this is Mr. Assa's dwelling house or usual place of abode. Nor does Mr. Anton dispute that he was served with the subpoena; He does not say that he wasn't the person who received the subpoena and that the physical description in the affidavit of service does not properly describe him. Nor does he dispute that he is a person of appropriate age or discretion. He merely indicates that as Mr. Assa's doorman, Mr. Assa did not instruct him to take legal documents for him and that this part of the affidavit of service is not correct.

In their opposition papers, the plaintiffs argue that not only should the motion be denied, but the Court should award the plaintiffs sanctions. To wit, the plaintiffs argue that the affidavit itself could have previously been introduced in connection with the prior decision and nothing in the affidavit otherwise controverts the facts that the subpoena was delivered "within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" (CPLR 308[2]). As such, the plaintiffs indicate that service of process is proper.

**652456/2018   BAPAZ NYC WEST 46 ST GROUP LLC vs. ASSA PROPERTIES INC.**          **Page 33 of 7**
  **Motion No.  010**

3 of 7

[* 3]

Since the September 2024 Decision, the Appellate Division issued a Decision and Order, dated

October 22, 2024 (the **October 2024 Decision**; NYSCEF Doc. No. 295). As relevant, in the

October 2024 Decision, the Appellate Division held that summary judgment was properly

granted as against the defendants as to breach of the warranty of the Purchase and Sale

Agreement for 49% of the company:

> Judgment, Supreme Court, New York County (Andrew Borrok,J.), entered May 9, 2024 in plaintiffs favor and against defendants in the amount $1,700,000 plus interest for a total amount of $2,984,758.45, unanimously modified, to vacate so much of the judgment as pertains to the award of $700,000 (plus interest) for breach of the Remaining Agreement, and direct a trial on the corporate defendants' liability thereon, and to grant defendant Salim Assa summary judgment to the extent of any liability in connection with the alleged breach of the Remaining Agreement, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 12, 2024, which, inter alia, denied defendants' motion for summary judgment dismissing plaintiffs claims and granted plaintiffs cross-motion for summary judgment on those claims, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

> A document submitted for the first time at the argument on summary judgment should ordinarily not be considered (*see e.g. Benedetto v Hyatt Corp.*, 203AD3d 505, 506-507 [1st Dept 2022]). However, the court was justified in considering the document because e-mails attached as exhibits to plaintiffs cross-motion related to ongoing settlement negotiations that resulted in the Lavi settlement agreement, and the agreement had been in defendants' possession. Moreover, defendants had made false statements in affidavits and court filings concerning the facts set forth in the document. Additionally, because the court relied only on facts from the document, which was a settlement agreement in another action involving these defendants and the same company and property, the document was not precluded by CPLR 4547 (*see Central Petroleum Corp, v Kyriakoudes*, 121AD2d 165, 165 [1st Dept 1986], *lv denied* 68 NY2d 807 [1986]).

> The court properly found that defendants had breached the warranty in the parties Purchase and Sale Agreement for 49% of the company. Moreover, given the documentary proof of payment in the form of a check from plaintiffs attorney's escrow account to defendants, in the full amount of the purchase price, there was no issue of fact as to whether plaintiff had paid the funds. Whether the money originally came from plaintiff LLC or from its principal or affiliate is of no moment, and this is not a case of an entity attempting to pierce its own corporate veil (*compare Matter of Colin v Altman*, 39 AD2d 200, 201[1st Dept 1972]).

> However, plaintiff failed to establish that it paid $700,000 to defendants under the parties' Remaining Agreement, as there was no direct proof of payment. The schedule prepared by defendants did not definitively attribute payments to a party or transaction.

**652456/2018   BAPAZ NYC WEST 46 ST GROUP LLC vs. ASSA PROPERTIES INC.**          **Page 44 of 7**
**Motion No.  010**

4 of 7

[* 4]

Furthermore, given that there was no written indication of plaintiff having decided to exercise its option under the Remaining Agreement, other than the disputed payments and a single post-hoc email, neither side is entitled to summary judgment on those claims.

While a purchaser cannot rely on a warranty it knows to be false at the time of execution (*see Siemens Solar Indus, v Atlantic Richfield Co.*, 251AD2d 82, 82 [1st Dept 1998], *lv denied* 92 NY2d 814 [1998]), here, defendants never revealed the true nature of the breach to plaintiff or its agents. Defendants falsely stated there was no dispute with a prior investor in the company and property, when in fact there was an ongoing dispute that led to litigation by that investor, and a settlement that directly contravened the warranties in plaintiffs agreement.

Defendants are also incorrect that the failure of defendant NYC 46th Street LLC to consent to the return of the purchase price barred that claim. NYC stipulated that it held its interest only indirectly through plaintiff.

Defendant Assa was entitled to summary judgment for any claims arising from the alleged breach of the Remaining Agreement. The Joinder of Guaranty he provided contained a sole remedy clause. That clause limited plaintiff to return of the purchase price for the "Transaction." This term was defined in the Purchase and Sale Agreement as the purchase of the 49% interest. The Remaining Agreement, in contrast, concerned the purchase of the remaining 51% (*see J. D'Addario &Co., Inc. v Embassy Indus., Inc.*, 20 NY3d 113, 118 [2012]). We have considered the remaining arguments and find them unavailing.

(NYSCEF Doc. No. 295).

A motion for leave to renew must be based upon new facts not offered on the prior motion and shall contain a reasonable justification for failing to include it in the prior motion (CPLR § 2221[e]). "Renewal is granted sparingly and should not be used as a second chance freely given to parties who have failed to exercise due diligence in making their first factual presentation" (*Wade v Giacobbe,* 176 A.D.3d 641 [1st Dept. 2019], *lv dismissed* 35 N.Y.3d 937 [2020]; *Priant v New York City Tr. Auth.,* 142 A.D.3d 491, 492 [1st Dept. 2016], *lv denied* 31 N.Y.3d 1134 [2018]; *Perretta v New York City Tr. Auth.*, 230 AD3d 428, 431-32 [1st Dept 2024]).

**652456/2018   BAPAZ NYC WEST 46 ST GROUP LLC vs. ASSA PROPERTIES INC.**   **Page 55 of 7**
**Motion No.  010**

5 of 7

No reasonable justification is provided for why Mr. Assa failed to adduce the affidavit of Mr. Anton in connection with the September 2024 Decision. As such, the motion must be denied. Even if considered, however, Mr. Anton's affidavit does not present a basis to quash the subpoena or a basis for a traverse hearing. It is unrebutted that (i) Mr. Anton received the subpoena, (ii) Mr. Anton is a person of suitable age and discretion and (ii) that service occurred at Mr. Assa's actual place of business, dwelling place or usual place of abode. As such, service is proper and Mr. Assa can not now evade proper service made upon him by adducing an affidavit indicating, in sum and substance, that he did not specifically tell his doorman that they could and should accept legal documents for him. Thus, the motion is denied.

The branch of the plaintiff's opposition papers seeking sanctions is denied without prejudice. Rule 130 sanctions are appropriate if either party to a litigation engages in "frivolous conduct." Conduct is frivolous if (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law, (2) it is undertaken to delay or prolong resolution of the litigation or to harass or maliciously injure another, or (3) it asserts material factual statements that are false (22 NYCRR § 130-1.1). Inasmuch as the award of sanction is generally left to the sound discretion of the trial court, the Court declines to impose sanctions at this time.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby ORDERED that Mr. Assa's motion is denied; and it is further

**652456/2018   BAPAZ NYC WEST 46 ST GROUP LLC vs. ASSA PROPERTIES INC.**
**Motion No.  010**

**Page 66 of 7**

ORDERED that the plaintiff's opposition papers seeking sanctions is denied without prejudice.

20250106163801AB0RR0K784A0CF69628YBA0AEEAA101B6356AF1

**1/6/2025**
**DATE**

**ANDREW BORROK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652456/2018   BAPAZ NYC WEST 46 ST GROUP LLC vs. ASSA PROPERTIES INC.**
**Motion No.  010**

**Page 77 of 7**

7 of 7

[* 7]